**SIGNED this 25 day of August, 2006.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

In re

    ROBIN LYNN BRADSHAW,                                    No. 06-50413
                                                                              Chapter 7
                     Debtor.

### MEMORANDUM

APPEARANCES:

| | |
|---|---|
| Deborah A. Yeomans, Esq. | Margaret B. Fugate, Esq. |
| Legal Aid of East Tennessee, Inc. | Anderson, Fugate & Givens |
| Post Office Drawer 360 | 114 E. Market Street |
| Johnson City, Tennessee 37605-0360 | Johnson City, Tennessee 37604 |
| *Attorney for Robin Lynn Bradshaw* | *Chapter 7 Trustee* |

**MARCIA PHILLIPS PARSONS**
**UNITED STATES BANKRUPTCY JUDGE**

This chapter 7 case is before the court on the debtor's Amended Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments pursuant to 28 U.S.C. § 1930(f). For the reasons set forth below, the application will be denied. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A).

I.

The debtor Robin Lynn Bradshaw filed for bankruptcy relief under chapter 7 on May 31, 2006. In her original Schedules I and J, the debtor respectively lists her total combined monthly income as $719.98 and her total monthly expenses as $1,577.68, resulting in a negative monthly net income of $857.70. In her Summary of Schedules, the debtor lists $3,400.56 as her total assets, all of which is personal property, and total liabilities in the amount of $14,809. The debtor's attorney also filed a Disclosure of Compensation of Attorney for Debtor, stating that she had agreed to receive no compensation for representing the debtor.

On June 5, 2006, the debtor filed the Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments which is presently before the court. The chapter 7 trustee, Margaret B. Fugate, objected to the application on that basis that the debtor's payment advices and income tax return reflected an average net monthly income of $927.75. The trustee also asserted that because the debtor should have included the Social Security income of her husband on Schedule I, she has a sufficient surplus to permit payment of the filing fee in installments.

The court scheduled a hearing on the matter for June 27, 2006. Prior thereto, on June 8, 2006, the debtor filed amended Schedules A, I, and J. On the amended Schedules I and J, the debtor respectively lists her total combined monthly income as $1,924.98 and her total monthly expenses as $1,702.68, resulting in monthly excess income of $222.30. The debtor then amended her application on June 16, 2006, to reflect these changes in her income and expenses. At the scheduled hearing, the debtor's attorney asserted that the debtor could not pay the filing fee based on the totality of the circumstances, notwithstanding the excess monthly income shown on the debtor's amended schedules and amended application. According to counsel, if the debtor had claimed the full amount of expenses allowed under Internal Revenue Service expense standards as considered

2

by the court in *In re Nuttall*, 334 B.R. 921 (Bankr. W.D. Mo. 2005), the debtor would have a negative monthly net income, thus making her unable to pay the filing fee. More specifically, the debtor's attorney proffered that had the debtor claimed the full amount allowable by the IRS for housing expenses, $679, instead of claiming only $450, the debtor would have a monthly net income of negative $7. The debtor's attorney concluded by stating that, despite any excess income, if any medical expenses or other possible expenses were to arise in the near future, the debtor would find herself in extreme financial hardship. The debtor did not testify at the hearing.

II.

Bankruptcy courts may now waive the filing fee in an individual debtor's chapter 7 case as a result of a provision included in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8, § 418, 119 Stat. 23, 109) that added section (f) to 28 U.S.C. § 1905. In pertinant part, this new section provides:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. . . .

28 U.S.C. 1905(f)(1). Promulgated on August 11, 2005, the Judicial Conference of the United States established the following standards to assist the courts in determining a debtor's eligibility for a fee waiver under this new provision:

> 1. The district court or the bankruptcy court may waive the chapter 7 filing fee for an individual debtor who: (a) has income less than 150 percent of the poverty guidelines last published by the United States Department of Health and Human Services (DHHS) applicable to a family of the size involved; and (b) is unable to pay that fee in installments.
>
> 2. The DHHS guidelines defines poverty guidelines separately for: (a) the 48 contiguous states and the District of Columbia; (b) Alaska; and (c) Hawaii. It does not define guidelines for Puerto Rico, the U.S. Virgin Islands, American Samoa, Guam, the Republic of the Marshall islands, the Federated States of Micronesia, the Commonwealth of the Northern Mariana Islands, and Palau. For these areas, the guidelines for the 48 contiguous states and the District of Columbia should be used.

The administrative Office of the United States Courts will post the last published guidelines and the 150 percent comparison levels on the J-Net.

3. The income for comparison to the poverty guideline is the "Total Combined Monthly Income" as reported (or as will be reported) on Line 16 of Schedule I. Non-cash governmental assistance (such as food stamps or housing subsidies) is not included. The income of a spouse is included whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. The income of any other family member listed on Schedule I as a dependent also is included.

4. Family size" is defined as the debtor(s), the debtor's spouse (unless the spouses are separated and a joint petition is not being filed), and any dependents listed on Schedule I.

5. The district court or the bankruptcy court should consider the totality of the circumstances in determining whether the debtor is unable to pay the fee in installments as provided for in amended Section 1930(f)(1) of title 28, United States Code. Official Form 3B elicits information relevant to this determination. A debtor is not disqualified for a waiver of the filing fee solely because the debtor has paid (or promised to pay) a bankruptcy attorney, bankruptcy petition preparer, or debt relief agency in connection with the filing.

6. In any determination regarding a filing fee waiver application, the debtor has the burden of showing that the application should be granted.[1]

In sum, in order to waive the filing fee for an individual debtor pursuant to 28 U.S.C. § 1930(f), the debtor must establish that he or she has income less than 150 percent of the poverty guidelines and inability to pay the fee based on the totality of the circumstances.

Because the statute in issue only applies to chapter 7 cases filed on or after October 17, 2005, case law is still limited. Three cases, however, have addressed the issue, including the *Nuttall* decision cited by the debtor. In *Nuttall*, the court found that the debtors did not have the ability to pay the filing fee based on the totality of the circumstances. After first concluding that the debtors therein met the initial requirement of having income less than 150 percent of the official income poverty line, the court moved to an examination of the debtors' expenses. *In re Nuttall*, 334 B.R.

---

[1] *See* Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, *available at* http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html.

at 923-24.  Observing that Congress has not set forth any guidelines as to "reasonable expenses" in the waiver of fees context, the court stated that the Internal Revenue Service guidelines, while not controlling, "do establish a standard as to expenses which have been accepted by Congress elsewhere as a starting point in determining reasonableness."  *Id*. at 924.  In this regard, the *Nuttall* court found that the debtors' expense claims for housing and utilities, transportation, and other living expenses were all below the IRS standards.  *Id*.  Further, the court determined that the debtors did not have any assets from which they could pay the filing fee and noted that the debtors had neither paid nor promised to pay anything to their bankruptcy attorney.  *Id* at 924-25.  Because the debtors' expenses, which exceeded their monthly income by almost five hundred dollars, were reasonable, the court granted the debtors' application to waive the filing fee.  *Id*. at 925.

In contrast, in *In re Lineberry*, 344 B.R. 487 (Bankr. W.D. Va. 2006), the court found that the debtors did have the ability to pay the filing fee in installments based on the totality of the circumstances.  After concluding that the debtors had income less than 150 percent of the income poverty line, the court followed the approach used in *Nuttall*, namely an examination of the debtors' expenses in relation to IRS standards.  *Id*. at 492.  Although the debtors' living expenses exceeded the IRS standard by $49, their transportation expenses were just below the IRS regional standard, and, individually, each debtor's housing and utility expenses were well below IRS local standards.  *Id*.  However, because the debtors filed a joint petition, their housing and utility expenses had to be combined even though the couple was separated and maintained separate residences.  *Id*.  As a result, these expenses exceeded the IRS local standard.  *Id*. at 492-93.

In addition to this analysis of the debtors' expenses, the court found two other factors to be determinative.  First, the debtors received federal and state tax refunds for 2005 totaling $3,400 and divided the money equally between them. The wife spent her half on various bills, clothing, and taxes.  *Id*. at 490.  The husband never explained how he spent his portion of the refund.  *Id*. at 493.  As such, the court concluded that the debtors had failed to meet their burden of demonstrating that they did not have the financial means to pay the filing fee.  *Id*.  Second, the court discussed an affidavit filed by the debtors, wherein the wife indicated her intention to purchase a $489 school ring for their fourteen-year-old son. Opining that paying the normal governmental charge for bankruptcy

relief should be a higher priority than the discretionary purchase of a child's ring, the court concluded that the debtors were capable of arranging their finances to pay the filing fee. *Id*.

Similarly, in *In re Burr*, 344 B.R. 234 (Bankr. W.D.N.Y. 2006), the court held that the debtor failed to meet her burden of establishing by a preponderance of the evidence that she lacked the ability to pay the filing fee in installments. The debtor, an unmarried student with no income and an infant child, testified that she was covered by her father's health insurance and had access to his automobile and that she and her child were able to survive by living with her boyfriend (the child's father), who provided for them. *Id*. at 236-37. In light of this testimony, the court found that the debtor's ability to pay the filing fee turned on the total income and expenses of the debtor's household unit. *Id*. at 237. Because the debtor provided neither evidence of household income nor any explanation as to why her boyfriend's income was not relevant, the court concluded that she failed to meet her burden. *Id*. The court found that the debtor, through the support of others, enjoyed financial advantages most debtors who pay the filing fee do not have, and that expecting the debtor to find the necessary financial support for the filing fee was not unreasonable. *Id*.

In the case at hand, reliance by the debtor on *In re Nuttal* and its utilization of the IRS expense standards is misplaced. Although the *Nuttall* court did consider the IRS expense standards in its examination of the debtors' expenses, the court correctly noted that the IRS guidelines are not controlling and merely used the guidelines as a starting point in evaluating the reasonableness of the debtors' claimed expenses. Such an analysis was necessary in that case because the debtors' monthly expenses exceeded their monthly income, an occurrence often reflected in the schedules of a debtor and, if left unrefuted, would usually be determinative of a debtor's inability to pay the filing fee. In the present case, however, reference to the IRS standards is not necessary. The debtor's monthly income exceeds her monthly expenses and there has been no allegation that her expenses are unreasonable. Congress has given no directive that the court apply the IRS standards to applications to proceed *in forma pauperis*, in contrast to the 11 U.S.C. § 707(b) means test where use of the IRS standards is expressly mandated. *See* 11 U.S.C. § 707(b)(2)(A). Regardless of what the IRS guidelines would indicate for an individual's expenses, the debtor's sworn-to schedules establish that she has excess monthly income of $222.30, an amount more than sufficient for her

to pay the $299 filing fee in monthly installments.

As to counsel's argument that the debtor needs this excess income to pay possible medical expenses or any other unforeseen expense which may arise in the future, the court must respond that the debtor offered no evidence indicating that such additional expenditures were likely, such as the presence of a medical condition or disability, advanced age, or the need to replace an older automobile. Absent evidence as to the likelihood of such need, this court is reluctant to conclude that the mere possibility of future need is sufficient to warrant a finding that the debtor is unable to pay the filing fee in this case.

In this regard, the court is cognizant of the fact that waiver of the filing fee would result in the lack of compensation to the chapter 7 trustee since the trustee is compensated from the filing fee. Thus, this court will not take lightly any request by a debtor to waive the filing fee and will only grant a waiver where the debtor carries her burden of establishing that her income is less than 150 percent of the poverty guidelines and that she is unable to pay the fee in installments based on a totality of the circumstances. The debtor herein having failed to establish the latter,[2] her application will be denied.

### III.

Accordingly, the court will enter an order denying the debtor's Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments.

# # #

---

[2] It appears a factual question may exist in this case as to whether the debtor satisfies the initial requirement of 28 U.S.C. § 1930(f), namely that her income be less than 150 percent of the poverty guidelines. In Tennessee, 150 percent of the 2005 DHHS poverty guideline for a family of two is $19,245. Assuming the debtor's total combined monthly income on her amended Schedule I, $1,924.98, is accurate over a twelve month period, her annual income would amount to $23,099.76, making her unable to satisfy the first requirement of the statute.

Furthermore, the debtor's amended schedules and application appear to present conflicting information regarding the marital status of the debtor. In Schedule I, the debtor indicates that she has no dependents and that she and her husband are separated, yet on her application for waiver of the filing fee, the debtor lists "2" as her family size. The directions on the application instruct a debtor to not include a spouse if the couple is separated and a joint petition is not being filed.